**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**STRATEGICALLY ACQUIRED REAL**
**ESTATE INVESTMENT FUND III, LP,**

        **Case No. 3:14-cv-387**

        **Plaintiff,**

        **Judge Thomas M. Rose**

**-v-**

**SOMA S. AVVA,**
**et al,**

        **Defendants.**

---

**ENTRY AND ORDER OVERRULING AVVA'S MOTION FOR SUMMARY**
**JUDGMENT (Doc. #19)**

---

Plaintiff Strategically Acquired Real Estate Investment Fund III, LP ("Strategically Acquired Real Estate") filed its initial Complaint in this matter on November 6, 2014, and a First Amended Complaint ("FAC") on December 19, 2014. (Docs. #1 and 13.) Both were against Soma S. Avva ("Avva") and Attam J. Singh ("Singh") for breach of contract.

Following the overruling of Defendant Avva's Motion To Dismiss the original Complaint without prejudice (doc. #16), Avva filed a Motion for Summary Judgment on the FAC. (Doc. #19.) This Motion for Summary Judgment is now before the Court.[1] It is now fully briefed and ripe for decision. A Relevant Factual Background will first be set forth followed by the Relevant Legal Provisions and an Analysis of Avva's Motion.

**RELEVANT FACTUAL BACKGROUND**

This is an action to enforce an indemnity and guaranty agreement (the "Guarantee"). The

---

[1]A Preliminary Pretrial Conference has not yet been conducted so discovery has not taken place.

Guarantee was entered into by Singh and Avva on October 10, 2003. (FAC Ex. 1.) Therein

Singh and Avva guarantee that they will indemnify a loan (the "Loan") made by Merrill Lynch

Mortgage Lending, Inc. ("Merrill Lynch"). (Id.)

The Loan is evidenced by a note and secured by the Multifamily Mortgage, Security

Agreement, Assignment of Rents and Fixture Filing (the "Mortgage"). (Id.) The Mortgage

encumbers a property at 512 Aberdeen Avenue Apartments in Montgomery County, Ohio (the

"Property"). (Id.)

Avva and Singh guarantee payments to Merrill Lynch if they:

(I) misapply or misappropriate any proceeds of insurance policies or
condemnation awards in connection with the Property;

(ii) misapply (under any lease, the Mortgage or any other agreement) or
misappropriate any rents, security deposits or other refundable deposits paid to or
held by or on behalf of the Lender;

(iii) receive any Rent or other payments under Leases more than one month in
advance;

(iv) commit waste, arson or damage to the Property as a result of intentional
misconduct or gross negligence;

(v) remove any equipment or other property in violation of the Mortgage or other
loan documents;

(vi) commit fraud or make any material misrepresentation in connection with the
Loan or the ownership, use, operation or management of the Property; or

(vii) transfer or encumber the Property in violation of Article VIII of the
Mortgage or fail to maintain the existence of Borrower as a Special-Purpose
Entity or otherwise fail to comply with Article XII of the Mortgage.

(Id.)

Article VIII of the Mortgage is entitled "Transfer Or Encumbrance of the Property."

(FAC Ex. 2.) Section 8.1 of Article VIII, which is relevant here, provides that, "[w]ithout the

prior written consent of Lender, Borrower agrees that it shall not Transfer, or agree to Transfer, all or any portion of the Property or any interest therein." (Id.)

According to the FAC, in 2004 Merrill Lynch assigned the Note, Mortgage and Guarantee to LaSalle Bank. (FAC ¶ 10.) In 2007, LaSalle Bank merged with Bank of America. (Id. at ¶ 11.) In 2009, Bank of America assigned the Note, Mortgage and Guarantee to Wells Fargo. (Id. at ¶ 12.) In 2014, Strategically Acquired Real Estate acquired and is now the holder of the Note, Guarantee, and other loan documents. (Id. at ¶ 16; Declaration of Kurt Hunter ("Hunter Decl.") ¶¶ 2, 3 Mar. 16, 2015.)

On October 1, 2003, Singh and Avva created SGMA Properties, LLC ("SGMA") for the purpose of entering into the loan and mortgage transaction with Merrill Lynch. (Affidavit of Soma S. Avva ("Avva Aff.") ¶ 5 Feb. 19, 2015.) Singh ceased managing the Property in June of 2012 when he and Avva had a "falling out over management of the Property." (Declaration of Attam Singh ("Singh Decl.") ¶ 6 Mar. 16, 2015.) Avva then hired Oberer Management Services to manage the Property. (Id.) Avva also became Managing Member of SGMA in 2012. (Id.)

In January 2013, Singh agreed to transfer all of his membership interest in SGMA to Avva and Avva's associate, Tarsem Garg, for no money. (Id. at ¶ 7.) More specifically, on January 29, 2013, Singh, Avva and others entered into the Settlement Agreement agreeing to:

> …transfer all of his [Singh's] membership interests in the LLCs to Soma Avva and Tarsem Garg in a proportion as determined in writing by Soma Avva and Tarsem Garg, in their sole discretion, with the exact nature and timing of the transfer to be determined by Soma Avva and Tarsem Garg, subject to reasonable approval of Attam Singh.

> (Id. at Ex. 3.)

After Singh left, SGMA defaulted on the note to Merrill Lynch and the Property was

foreclosed. (Id. ¶ 8.) The Property was sold at auction. (FAC ¶ 17.) Strategically Acquired Real

Estate was the winning bidder with a credit bid in the net amount of $1,233,886.19. (Id. at ¶ 17.)

## STANDARD OF REVIEW

### Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, and its associated caselaw, establishes

the standard of review for summary judgment. Rule 56 provides that summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that

properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992)(quoting

*Anderson*, 477 U.S. at 250).

The party seeking summary judgment has the initial burden of informing the court of the

basis for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file together with the affidavits which it believes demonstrate

the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). The burden then shifts to the nonmoving party who "must set forth specific facts

showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ.

P. 56(e)). Once the burden of production has shifted, the party opposing summary judgment

cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to

"simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affirmations are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.* However, the mere existence of a scintilla of evidence in support of the nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

**Contract Interpretation**

The Mortgage provides that the Note, Mortgage and Guarantee are governed by and construed in accordance with the State where the Property is located. Ohio is the State where the Property is located. So, the Note, Mortgage and Guarantee are governed by the laws of Ohio.

Under Ohio law, the elements of a claim for breach of a contract are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994). Further, the construction of a written contract is a question of law for the court to decide. *Latina v. Woodpath* Development Co., 567 N.E.2d 262, 264 (Ohio 1991).

When examining a written contract, the court is to ascertain and give effect to the intent of the parties. *Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Authority*, 678 N.E.2d 519, 526 (Ohio 1997). When doing so, common words are given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall contents of the contract. *Id.*

**ANALYSIS**

In his Motion for Summary Judgment, Avva argues that he is entitled to summary judgment because there has been no transfer of any membership interest in SGMA as alleged in Strategically Acquired Real Estate's FAC. Strategically Acquired Real Estate responds that summary judgment should not be granted because the Motion for Summary Judgment is premature pursuant to Fed. R. Civ. P. 56(d) and because there are genuine issues of material fact that remain to be litigated. Each of these arguments will be addressed seriatim.

**<u>No Triggering Event</u>**

Avva argues that there was no triggering event because there has been no transfer of any membership interest in SGMA. This argument is unavailing for at least two reasons.

First, there remain genuine issues of material fact regarding other possible triggering events. Paragraph 18 of the FAC alleges that,

> Singh's assignment of his membership interest as described in ¶ 13 is a "transfer" or "encumbrance" as those terms are used in Article VIII of the Mortgage, and thus is a triggering event under § 1(vii) of the Guarantee. Upon information and belief, other triggering events under § 1 of the Guarantee may have occurred as well.

Avva provides argument about only one triggering event, a transfer or encumbrance. However, the FAC alleges that there could be others that may have occurred. Thus, whether or not there was a transfer or encumbrance is not the only possible triggering event giving rise to the FAC. Since Avva only presents arguments about a transfer or encumbrance, there remain issues of fact regarding other possible triggering events.

Second, there is a genuine issue of material fact as to whether there has been an agreement to transfer, which would be a triggering event pursuant to Article VIII of the Mortgage which is made applicable to the Guarantee by § 1(vii) of the Guarantee. Strategically Acquired Real Estate has presented Rule 56 evidence that Singh agreed to transfer all of his interest in SGMA to Avva and Tarsem Garg and has entered into an agreement to do so. (Singh Decl. ¶ 7.) Yet, Avva attests that he has not executed any transfer or assignment of his interest in the LLC nor has he been a party to any sale or transfer of any ownership interest in the LLC. (Avva Decl. ¶¶ 8, 9.) Thus, there is Rule 56 evidence that Singh has agreed to transfer and that no agreement to transfer has been "executed."

In an attempt to show that there is no agreement to transfer, Avva argues that the language in the Settlement Agreement entered into by Singh, Avva and others to transfer Singh's membership interest in the LLC is unenforceable because it is "non-specific, indefinite and too vague." However, particularly when viewed in a light most favorable to Singh, this language is clear enough to serve as an agreement to transfer.

Even though he referred to the Mortgage to argue for which state's law is applicable, Avva later argues that the Mortgage ceased to exist after the foreclosure sale. Avva believes that the Mortgage is extinguished because it ceased to exist on October 23, 2014, when the sale of the Property was confirmed by a court. However, the language cited by Avva indicates that the monetary liens of all parties were discharged. Although liens on the Property as a result of the Mortgage may cease to exist, Avva does not cite, nor can he, a court order that the Mortgage ceased to exist. Nor does Avva cite a court order that obligations under Article VIII of the Mortgage cease to exist.

The Mortgage was foreclosed against SGMA and "all persons claiming from, under or through it were forever barred and foreclosed." Although certain monetary lien obligations specified in the Mortgage may not exist, the Mortgage, as a contract, still exists. Also, Avva has not identified any caselaw to the contrary.

Avva's argument that there was no triggering event is without merit. There is, at this point and at a minimum, a genuine issue of material fact as to whether a triggering event occurred.

## **Rule 56(d)**

`       Strategically Acquired Real Estate argues that Avva's Motion for Summary Judgment is

premature pursuant to Fed. R. Civ. P. 56(d). Avva offers no specific argument on this issue, but continues to argue that there are no genuine issues of material fact.

Rule 56(d) provides that, "if a nonmovant shows by either affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position, the court may:" defer consideration of the motion for summary judgment, allow time for discovery or issue any other appropriate order. In this case, Strategically Acquired Real Estate has presented the Affidavit of Attorney Jeffery M. Nye ("Nye") who asserts that, "Strategic is severely disadvantaged in its efforts to oppose the MSJ by its inability to seek or obtain discovery directly from Avva himself." (Declaration of Jeffrey M. Nye ("Nye Decl.") ¶ 4 Mar. 16, 2015.) Nye also asserts that he would obtain related discovery. (Id. at ¶ 11.) Thus, Strategically Acquired Real Estate would be entitled to a remedy pursuant to Rule 56(d).

In this case and for now, Strategically Acquired Real Estate has presented the Rule 56 evidence and citation to the appropriate law to support its position as more fully set forth above. Therefore, there is no reason for the Court to defer consideration or grant additional discovery at this time.

## Remaining Issues of Material Fact

Strategically Acquired Real Estate argues that there are genuine issues of material fact that remain to be tried. With this, the Court agrees as more fully set forth above.

## Conclusion

There are genuine issues of material fact as to whether Avva breached the Guarantee. Therefore, Avva is not entitled to summary judgment. Avva's Motion for Summary Judgment (doc. #19) is overruled.

**DONE** and **ORDERED** in Dayton, Ohio this Sixteenth Day of April, 2015.

                                                        **s/Thomas M. Rose**
                                        _____
                                                  THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record