UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STRATEGICALLY ACQUIRED REAL
ESTATE INVESTMENT FUND III, LP,

        Plaintiff,

v.

SOMA S. AVVA and ATTAM J. SINGH,

        Defendants.

Case No. 3:14-cv-00387

Judge Thomas M. Rose

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DROP DEFENDANT
ATTAM J. SINGH AS A DEFENDANT (DOC. 23)**

---

Before the Court is Plaintiff's Motion to Drop Defendant Attam J. Singh as a Defendant pursuant to Fed. R. Civ. P. 21. (Doc. 23.) For the reasons stated below, Plaintiff's motion is granted.

### BACKGROUND

On November 6, 2014, Plaintiff Strategically Acquired Real Estate Investment III, LP ("Plaintiff") filed the Complaint in this action, which named Soma S. Avva ("Avva") and Attam J. Singh ("Singh") as Defendants. (Doc. 1.) On December 19, 2014, Plaintiff filed an Amended Complaint, which named the same Defendants. (Doc. 13.) On January 15, 2015, Avva filed an Answer to the Amended Complaint. (Doc. 17.) By stipulation pursuant to S.D. Ohio Civ. R. 6.1(a), Singh's deadline to respond to the Complaint was extended until February 6, 2015. (Doc. 18.)

On March 24, 2015, the Clerk entered a Notice for Default Application (Doc. 22) as to Singh, as Court records indicated that Singh was properly served and failed to file a response to the

Amended Complaint. Two days later, on March 26, 2015, Plaintiff filed the motion to drop Singh as a Defendant pursuant to Fed. R. Civ. P. 21, which is now before the Court. (Doc. 23.) No oppositions to Plaintiff's motion – which were due by April 20, 2015 – have been filed.

## ANALYSIS

In support of its motion, Plaintiff asserts that it seeks recovery from Defendants "based on their liability under a guaranty of a promissory note." (Doc. 23 at 1.) Based on financial information that Singh provided to Plaintiff, however, Plaintiff determined that Singh would not have the resources to pay a judgment against him, if Plaintiff were to prevail on its Amended Complaint. *Id*. Plaintiff therefore requests Singh's dismissal so that the parties will not be required to expend further resources on the claim against him. *Id*. Plaintiff requests that the dismissal be without prejudice so that it may seek recovery from Singh in the future, if Plaintiff later learns that the financial information that Singh provided was misleading or inaccurate. *Id.*

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The grant or denial of a motion to drop a party is within the Court's discretion. *Housey v. Macomb Cnty.*, 534 F. App'x 316, 325 (6th Cir. 2013). Here, Plaintiff has shown good cause for its motion to drop Singh as a Defendant, and neither of the Defendants has filed any opposition to Plaintiff's motion. The Court therefore grants Plaintiff's motion to drop Singh as a Defendant.

## **CONCLUSION**

Plaintiff's Motion to Drop Defendant Attam J. Singh as a Defendant (Doc. 23) is granted.

Accordingly, Singh is hereby dismissed, without prejudice, as a Defendant in this action.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 28, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE